﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 191007-35958
DATE: December 31, 2020

ORDER

New and relevant evidence having been received, the claim of entitlement to service connection for allergic rhinitis is reopened.

The claim of entitlement to service connection for allergic rhinitis is denied.

The claim of entitlement to service connection for obstructive sleep apnea (hereinafter OSA) is denied.

The claim of entitlement to service connection for cervical strain (hereinafter a neck condition) is denied.

The claim of entitlement to service connection for left knee degenerative joint disease (hereinafter left knee condition) is denied.

REMANDED

The claim of entitlement for service connection for lumbosacral spine degenerative disc disease, claimed as lumbar strain and lower back condition (hereinafter lumbar condition) is remanded.

FINDINGS OF FACT

1. In a final decision issued in November 1974, the Regional Office (RO) denied the Veteran’s claim for service connection for allergic rhinitis.

2. Evidence added to the record since the last final denial in November 1974 is new and relevant information that tends to prove or disprove a matter at issue in the Veteran’s claim.

3. The Veteran does not have a current diagnosis of allergic rhinitis or associated symptoms that result in functional impairment.

4. The Veteran’s OSA did not manifest during active service, within one year of his separation from active service, and is not otherwise related to his active duty service.

5. The Veteran does not have a current diagnosis of a neck condition, to include symptoms that result in functional impairment.

6. The Veteran’s left knee condition did not manifest during active service, within one year of his separation from active service, and is not otherwise related to his active duty service.

CONCLUSIONS OF LAW

1. The November 1974 rating decision that denied the claim of service connection for allergic rhinitis is final. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2019).

2. New and relevant evidence has been received to reopen the claim of entitlement to service connection for allergic rhinitis. 38 U.S.C. § 5108 (2012); 38 C.F.R. §§ 3.156, 3.2501, 19.2 (2019).

3. The criteria to establish the claim of entitlement to service connection for allergic rhinitis have not been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2019).

4. The criteria to establish the claim of entitlement to service connection for OSA have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

5. The criteria to establish the claim of entitlement to service connection for a neck condition have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

6. The criteria to establish the claim of entitlement to service connection for a left knee condition have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had honorable active duty service with the United States Air Force from June 1970 to February 1974.

These matters are before the Board of Veteran’s Appeals (Board) from the June 2018 and April 2019 rating decisions of the Department of Veterans Affairs (VA) RO that denied service connection for allergic rhinitis, a left knee condition, a lumbar condition, OSA, and a neck condition.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

The Board notes that the rating decision on appeal was issued in April 2019. As indicated above, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). On the Decision Review Request Board Appeal Notice of Disagreement (NOD), VA Form 10182, VA received in October 2019, the Veteran requested the hearing review docket, allowing the Board to decide the claim based on the record with the ability to add new evidence at the Veteran’s hearing or within 90 days after the hearing. This decision has been written consistent with the new AMA framework.

The Veteran testified at a virtual hearing before a Veterans Law Judge at the RO in Houston, Texas in September 2020. A written transcript of that hearing has been prepared and associated with the evidence of record.

Petition to reopen the claim of entitlement to service connection for allergic rhinitis

The new and material evidence issue regarding allergic rhinitis has been recharacterized to reflect the applicable evidentiary standard. 38 C.F.R. §§ 3.2501(a)(1), 19.2.

VA is required to reopen a claim that has been disallowed when new and relevant evidence is presented or secured, as provided in 38 U.S.C. § 5108. Reopening a claim for service connection which has been previously and finally denied requires that new and relevant evidence be presented or secured since the final last denial of the claim. Id. See also Evans v. Brown, 9 Vet. App. 273 (1996); Graves v. Brown, 8 Vet. App. 524 (1996); 38 C.F.R. §§ 3.2501(a)(1), 19.2.

“New evidence,” means existing evidence not previously submitted to the VA. “Relevant evidence,” means existing evidence that, tends to prove or disprove a matter at issue in a claim. Relevant evidence also includes evidence that raises a theory of entitlement hat was not previously addressed. New and relevant evidence can be neither cumulative nor repetitive of the evidence of record at the time of the last prior final denial of the claim which is being sought to be reopened and must prove or disprove a matter at issue. 38 C.F.R. § 3.2501.

In determining whether evidence is new and relevant, the credibility of the evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510 (1992). In the case Elkins v. West, 12 Vet. App. 209 (1999), the United States Court of Appeal for Veterans Claims (Court) held that the Board must first determine whether the claimant has presented new and material evidence under 38 C.F.R. § 3.156(a) in order to have a finally denied claim then reopened under 38 U.S.C. § 5108, this also applies to new and relevant evidence. Then, if new and material evidence has been submitted, the Board may proceed to evaluate the merits of the claim, but only after ensuring that VA’s duty to assist has been fulfilled. See Vargas-Gonzalez v. West, 12 Vet. App. 321 (1999). The Court also held that the law of new and material evidence should be interpreted to enable reopening of a claim, rather than to preclude it. See Shade v. Shinseki, 24 Vet. App. 110 (2010). Pursuant to 38 C.F.R. § 3.2501(a) the new and relevant standard will not impose a higher evidentiary threshold than the previous new and material standard under 38 C.F.R. § 3.156(a).

The Veteran received a rating decision in November 1974 which denied his claim for service connection for allergic rhinitis. He did not file an appeal and no new and material evidence was submitted to the VA within the applicable appeal period. Therefore, the November 1974 rating decision is final. 38 U.S.C. § 7105; 38 C.F.R. §§ 3.104, 20.302, 20.1103. The Veteran filed a new claim for allergic rhinitis in May 2018, and the claim was denied in a June 2018 rating decision. In reviewing the June 2018 rating decision, it appears that the RO denied reopening the Veteran’s claims for entitlement to service connection for allergic rhinitis. However, RO decisions are not binding on the Board, and consequently, the Board must first decide whether new and relevant evidence has been received to reopen the Veteran’s claim. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001).

In the November 1974 rating decision, the RO denied the Veteran’s claim for entitlement to service connection for allergic rhinitis as congenital and not related to service. See Notification Letter submitted November 1974 Thus, for the Veteran’s claim to be reopened, any new evidence must have been added to the record since the November 1974 rating decision that addresses these reasons and bases or supports a new theory of entitlement.

Evidence submitted and obtained since the November 1974 rating decision includes VA treatment records, and evidence of lay statements and testimony of the Veteran. The service treatment records of the Veteran indicated diagnosis of allergic rhinitis on at least 4 occasions in service. The Veteran’s testimony also indicated that he had been dealing with sinus issues since his active duty service. 

Upon review, the Board finds this evidence to be both new and relevant, and thus, sufficient to reopen the Veteran’s claim. The evidence is new in that it was not of record in November 1974, and the evidence is relevant as it tends to prove or disprove a matter at issue. As the credibility of new evidence is generally presumed, the Veteran’s claim for entitlement to service connection for a left knee condition is reopened. Justus, 3 Vet. App. at 512-513.

SERVICE CONNECTION

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

The Secretary shall consider all information and lay and medical evidence of record in a case and make appropriate determinations as to competence, credibility, and weight. 38 U.S.C. § 5107; 38 C.F.R. § 3.303; Washington v. Nicholson, 19 Vet. App. 362, 368 (2005). Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience, if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159.

Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board’s analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim on appeal.

When there is an approximate balance between positive and negative evidence, equipoise, the benefit of the doubt doctrine must apply in favor of the Veteran. But when the preponderance of the evidence weighs against the claims of the Veteran the claim will be denied on its merits, and when the preponderance of the evidence weighs for the claims of the Veteran the claim will be granted on its merits. In those cases, the benefit of the doubt doctrine is inapplicable. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Entitlement to service connection for allergic rhinitis

The Veteran contends that he is entitled to service connection for allergic rhinitis. The preponderance of the evidence is against finding that the Veteran is entitled to service connection for allergic rhinitis as he does not have a current diagnosis of allergic rhinitis or related symptomatology resulting in functional impairment.

The Veteran’s service treatment records show treatment and diagnoses of allergic rhinitis from May 1972 to August 1973, with additional x-rays of the Veteran’s sinuses that showed no significant abnormalities in May 1972. The Veteran’s exit examination in February 1974 however indicated that he had no issues and was in good health.

The Veteran does not have a current diagnosis of allergic rhinitis.

There is no indication that the Veteran continued to suffer from allergic rhinitis after his separation from service. The Veteran’s claims to the contrary are conclusory generalized statements which are insufficient to trigger VA’s duty to provide an examination. Waters v. Shinseki, 601 F.3d 1274, 1278 (Fed. Cir. 2010) (holding that a veteran’s mere conclusory generalized lay statement that a service event or illness caused the claimant’s current condition is insufficient to require the Secretary to provide a VA examination). Absent any indication that the Veteran suffered an event, injury, or disease in service or exhibited symptoms of a presumptive disease within one year of discharge from active duty; or during an applicable presumptive period; or any indication that the claimed condition is associated with service or a service-connected disability, the Board finds that an examination is not necessary.

The Veteran has not submitted evidence of a current disability for VA purposes and has provided no additional evidence to suggest that he now suffers from allergic rhinitis or symptoms related that result in functional impairment.

The Veteran’s treatment records are silent as to a diagnosis of allergic rhinitis. The Board notes that the Veteran received treatment and diagnoses of allergic rhinitis while in service but there is no evidence of record of current treatment or diagnosis. 

The Board recognizes that the Veteran indicated he suffered from sinus issues since service, as he testified in his September 2020 hearing.

The Board finds the Veteran’s testimony to be competent, but contradictory to the medical evidence of record and therefore with limited probative weight.

There is no evidence of record that the Veteran has the requisite training or expertise to provide a nexus opinion regarding this issue. Therefore, it is outside the competence of the Veteran. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the competent, probative medical evidence of record that shows an absence of diagnosis or treatment and a lack of an etiological relationship between the claim of allergic rhinitis and active duty service.

There must be a current diagnosis of a disorder or symptoms resulting in functional impairment for service connection to be granted. Hickson v. West, 12 Vet. App. 247, 252 (1999); Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018); Wait v. Wilkie, No. 18-4349. Without a medical diagnosis of allergic rhinitis, the Board must deny the Veteran’s claim. See Degmetich v. Brown, 104 F.3d 1328, 1333 (1997) (holding that the existence of a current disability is the cornerstone of a claim for VA disability compensation). Since the preponderance of the evidence is against the claim, the provisions of 38 U.S.C. § 5107(b) regarding reasonable doubt are not applicable. The claim of entitlement to service connection for allergic rhinitis must be denied.

Entitlement to service connection for OSA

The Veteran contends that he is entitled to service connection for OSA.

The Veteran has a current diagnosis of OSA from a February 2014 sleep study. The Veteran has met the first element of service connection. 

The Veteran has no indication of treatment, complaints, or diagnosis of OSA in service. The Board notes that the Veteran submitted specific pages from his service treatment records which included the Veteran’s written indication of a specific instance the Veteran identifies as evidence of sleep apnea. The treatment note identified by the Veteran as evidence of sleep apnea diagnosed the Veteran with allergic rhinitis which noted a difficulty breathing when lying down at night. The Veteran’s separation examination in February 1974 was silent as to any issues with sleep.

The Veteran’s VA and private treatment records indicated diagnosis and treatment for OSA but provided no causal connection nor opinion that connected the Veteran’s OSA to his active duty service.

The Board finds the Veteran’s treatment records to be competent, credible, and with significant probative weight as to the diagnosis of OSA but limited probative weight as to whether the Veteran’s OSA was caused by or directly related to his active duty service.

The Veteran testified at his September 2020 hearing that his wife would tell him all the time that he would stop breathing during sleep and he indicated he often fell asleep during meetings while in service, and would fall asleep if sitting for long periods of time.

The Board finds the Veteran’s testimony to be competent, credible, as to the symptoms that he has experienced. However, his testimony is not competent nor credible as to a causal connection between his active duty service and OSA, as he is not competent to provide a nexus opinion regarding this issue. The issue is medically complex, as it requires knowledge of the interaction between multiple organ systems in the body and interpretation of complicated diagnostic medical testing. Therefore, it is outside the competence of the Veteran in this case because the record does not show that he has the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the lack of competent, probative medical evidence of record and the absence of any opinion providing an etiological relationship.

The Board finds that the lack of competent medical evidence of a current disability that due to active duty service carries significant probative weight. Since, the Veteran’s record is completely silent as to causal connection to OSA this absence is the determining factor in the Veteran’s claims for service connection. See Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (finding that the definition of evidence encompasses “negative evidence” which tends to disprove the existence of an alleged fact, i.e., the lack of evidence is itself evidence).

There is no indication that the Veteran suffered an event, injury, or disease in service; or has a presumptive disease or symptoms of such a disease manifesting during an applicable presumptive period. The Veteran’s claims to the contrary are conclusory generalized statements which are insufficient to trigger VA’s duty to provide examinations. Waters v. Shinseki, 601 F.3d 1274, 1278 (Fed. Cir. 2010). Absent any indication that the Veteran suffered an event, injury, or disease in service or exhibited symptoms of a presumptive disease within one year of discharge from active duty; or during an applicable presumptive period; or any indication that the claimed OSA is associated with service or a service-connected disability, the Board finds that an examination is not necessary.

When considering whether or not to grant a claim for service connection, the Board may take into consideration the passage of a lengthy period of time in which the Veteran did not complain of the disorder at issue. See Maxson v. West, 12 Vet. App. 453, 459 of (1999), aff’d sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000); see also Forshey v. West, 12 Vet. App. 71, 74 (1998), aff’d sub nom. Forshey, 284 F.3d at 1358. In this case, the absence of any medical evidence of treatment for OSA for more than four decades after service also tends to establish that the Veteran’s OSA was not caused by or the result of his active duty service.

When the preponderance of the evidence weighs against the claims of the Veteran the claim will be denied on its merits. In this case the preponderance of the evidence is against the claims of the Veteran, therefore the benefit of the doubt doctrine is inapplicable. 38 U.S.C. § 5107; Gilbert, 1 Vet. App. at 49.

Therefore, the Veteran’s claim for service connection for OSA is not warranted.

Entitlement to service connection for a neck condition

The Veteran contends that he is entitled to service connection for a neck condition. The preponderance of the evidence is against finding that the Veteran is entitled to service connection for a neck condition as he does not have a current diagnosis of a neck condition.

The Veteran’s service treatment records are silent as to any indications of complaints, treatment, or diagnosis of a neck condition. The Veteran’s exit examination in February 1974 indicated that he had no issues and was in good health.

The Veteran does not have a current diagnosis of a neck condition. The Veteran has not submitted evidence of a current disability for VA purposes and has provided no additional evidence to suggest that he now suffers from a neck condition that causes functional impairment.

The Veteran’s treatment records are silent as to a diagnosis of a neck condition. The Board finds the Veteran’s treatment records are competent and credible with significant probative weight. See Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (finding that the definition of evidence encompasses “negative evidence” which tends to disprove the existence of an alleged fact, i.e., the lack of evidence is itself evidence).

The Board recognizes that the Veteran indicated that he received no treatment for his neck condition, as he testified in his September 2020 hearing and indicated, “my neck doesn’t bother me, you know, that bad. It’s not anything that, that I have a real serious problem with. But and the neck wasn’t the reason that I filed a claim.” See Hearing Transcript for September 2020 Board hearing.

There is no indication that the Veteran suffered an event, injury, or disease in service; or has a presumptive disease or symptoms of such a disease manifesting during an applicable presumptive period. The Veteran also does not make any specific claims to the contrary to trigger VA’s duty to provide examinations. Waters v. Shinseki, 601 F.3d 1274, 1278 (Fed. Cir. 2010) (holding that a veteran’s mere conclusory generalized lay statement that a service event or illness caused the claimant’s current condition is insufficient to require the Secretary to provide a VA examination). Absent any indication that the Veteran suffered an event, injury, or disease in service or exhibited symptoms of a presumptive disease within one year of discharge from active duty; or during an applicable presumptive period; or any indication that the claimed neck condition is associated with service or a service-connected disability, the Board finds that an examination is not necessary.

There is no evidence of record that the Veteran has the requisite training or expertise to provide a nexus opinion regarding this issue. Therefore, it is outside the competence of the Veteran. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the lack of competent, probative medical evidence of record showing any diagnosis of a neck condition and a causal connection to the Veteran’s active duty service.

There must be a current diagnosis of a disorder for service connection to be granted that results in functional impairment. Hickson v. West, 12 Vet. App. 247, 252 (1999); Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018); Wait v. Wilkie, No. 18-4349. Without a medical diagnosis of a neck condition that also results in functional impairment the Board must deny the Veteran’s claim. See Degmetich v. Brown, 104 F.3d 1328, 1333 (1997) (holding that the existence of a current disability is the cornerstone of a claim for VA disability compensation). Since the preponderance of the evidence is against the claim, the provisions of 38 U.S.C. § 5107(b) regarding reasonable doubt are not applicable. The claim of entitlement to service connection for a neck condition must be denied.

Entitlement to service connection for a left knee condition

The Veteran contends that he is entitled to service connection for a left knee condition.

The Veteran has a current left knee condition and has met the first element of service connection. The Veteran was noted in July 1972 as having left knee and thigh pain with a diagnosis of muscular pain and upon further evaluation was found to have a normal physical examination with tenderness. The Veteran also received a left knee x-ray in July 1972 which found no significant abnormalities. The Veteran’s separation examination from February 1974 indicated no issues with the Veteran’s left knee.

There is no indication that the Veteran suffered an event, injury, or disease in service; or has a presumptive disease or symptoms of such a disease manifesting during an applicable presumptive period. The Veteran’s claims to the contrary are conclusory generalized statements which are insufficient to trigger VA’s duty to provide examinations. Waters v. Shinseki, 601 F.3d 1274, 1278 (Fed. Cir. 2010). Absent any indication that the Veteran suffered an event, injury, or disease in service or exhibited symptoms of a presumptive disease within one year of discharge from active duty; or during an applicable presumptive period; or any indication that the claimed left knee condition is associated with service or a service-connected disability, the Board finds that an examination is not necessary.

The Veteran’s treatment records indicated treatment for his left knee condition which was diagnosed as knee pain and chronic instability of the knee. However, in May 2018, the Veteran received a physical examination that noted he had no loss of range of motion, 4 out of 5 muscle strength in flexion and extension, bilateral patellofemoral pain, but no instability.

The Board finds that the Veteran’s treatment records are competent, credible, but with limited probative weight as there was no opinion as to whether the Veteran’s left knee condition was related to or caused by his active duty service.

The Veteran testified at a hearing before the Board in September 2020 where he indicated that he had left knee pain in service, the doctors could not find anything wrong, and he did not receive medication for his left knee. He then indicted that he did not remember when he sought treatment after service for his knee, but he returned to VA for treatment in 2018 for physical therapy, and stated, 

but my knee wasn’t giving me as much problems as my back then, you know. It, it, and it wasn’t like a constant kind of thing, it was, I would have the pain or I would get like weakness like the knee about to give or something like that, give out or something.

The Board finds the Veteran’s testimony competent, credible, and with significant probative weight.

The Board finds that the lack of competent medical evidence of a current disability that was caused by or due to active duty service carries significant probative weight. Since, the Veteran’s record is completely silent as to any causal relationship this absence is the determining factor in the Veteran’s claims for service connection. See Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (finding that the definition of evidence encompasses “negative evidence” which tends to disprove the existence of an alleged fact, i.e., the lack of evidence is itself evidence). In this case, the absence of any medical evidence of treatment for a left knee condition for more than four decades after service also tends to establish that the Veteran’s left knee condition was not due to, caused by, or a result of his military service.

When considering whether or not to grant a claim for service connection, the Board may take into consideration the passage of a lengthy period of time in which the Veteran did not complain of the disorder at issue. See Maxson v. West, 12 Vet. App. 453, 459 of (1999), aff’d sub nom. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000); see also Forshey v. West, 12 Vet. App. 71, 74 (1998), aff’d sub nom. Forshey v. Principi, 284 F.3d 1335, 1358 (Fed. Cir. 2002).

The Veteran believes his left knee condition is related to his active duty service, but he is not competent to provide a nexus opinion regarding this issue. The issue is medically complex, as it requires knowledge of the interaction between multiple organ systems in the body and interpretation of complicated diagnostic medical testing. Therefore, it is outside the competence of the Veteran in this case because the record does not show that he has the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the absence of medical evidence of a causal relationship between the Veteran’s left knee condition and his active duty service.

When there is an approximate balance between positive and negative evidence the benefit of the doubt doctrine must apply in favor of the Veteran. But when the preponderance of the evidence weighs against the claims of the Veteran the claim will be denied on its merits. In this case the preponderance of the evidence is against the claims of the Veteran, therefore the benefit of the doubt doctrine is inapplicable. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Therefore, the Veteran’s claim for service connection for a left knee condition is not warranted.

REASONS FOR REMAND

Entitlement to service connection lumbar condition

The Board notes that the Veteran is seeking service connection for a lumbar condition. The Board also notes that the Veteran in another appeal through an April 2018 Rapid Appeals Modernization Program (RAMP) Opt-in has also claimed service connection for misalignment of the spine, recharacterized as a back condition. The Board is remanding the Veteran’s claim for a back condition in the April 2018 RAMP appeal.

As the Veteran is asserting entitlement service connection for a lumbar condition in this appeal, the Board finds that this issue is inextricably intertwined with the resolution of the remanded issues in the RAMP appeal. The appropriate remedy where a pending claim is inextricably intertwined with a claim currently on appeal is to defer the claim on appeal pending the adjudication of the inextricably intertwined claim. See Harris v. Derwinski, 1 Vet. App. 180 (1991).

Accordingly, this issue is remanded for readjudication following the indicated evidentiary development on the Veteran’s other appeal for service connection for a back condition.

This matter is REMANDED for the following actions:

1. The Board is referring this issue as of this time. A separate appeal stream has remanded the issue of entitlement to service connection for misalignment of the spine for a new examination. Upon completion of said examination, both appeal streams will be ready for appellate review. 

No specific action such as a remand is required for this specific appeal stream. Readjudication should take place upon completion of the remand directives described in the separate appeal stream. 

The remand directives associated with the separate appellate stream were:

(a) Identify and obtain any outstanding VA and private treatment records that are not already associated with the claims file. If any record identified cannot be obtained, the Veteran and his representative should be notified of this in writing, to include all efforts taken by VA to attempt to obtain any such record. The Veteran should also be offered the option to provide any such record himself.

(b) After obtaining any outstanding records, schedule the Veteran for a VA examination for his back condition (a telehealth examination is also an option) with an appropriate clinician. The Veteran’s claims file and a copy of this remand must be provided to the examiner for review and the examination report should reflect that these items were available for review. After performing all indicated tests and studies, the examiner should address the following:

i. Identify any and all back disabilities that the Veteran currently suffers from.

ii. For each identified back disability, opine as to whether it is at least as likely as not that this disability manifested during, or as a result of, active military service.

In formulating the above opinions, the examiner must consider and discuss all lay statements and assertions provided by the Veteran.

 

 

B. MULLINS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Teich, C.A.

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.